**FRANCISCO VELASQUEZ, Appellant**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS. Appellee**

D.C. Crim. App. No. 2004/0040

District Court of the Virgin Islands

Division of St. Croix

June 24, 2005

ANDREW C. SIMPSON, ESQ., Christiansted, U.S. Virgin Islands, *Attorney for Appellant.*

MATTHEW C. PHELAN, ESQ., V.I. Department of Justice, St. Thomas, U.S. Virgin Islands, *Attorney for Appellee.*

FINCH, *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and HODGE, *Judge of the Superior Court, Division of St. Thomas and St. John, Sitting by Designation.*

## MEMORANDUM OPINION

(June 24, 2005)

Appellant Francisco Velasquez was found guilty by a jury of robbery in the first degree, assault in the first degree, and possession of a dangerous or deadly weapon (a knife) during the commission of a crime of violence, in violation of 14 V.I.C. §§ 1862(a), 295(3) and 2251(a)(2)(B), respectively, and aiding and abetting in each of those crimes in violation of 14 V.I.C. § 11(a). Velasquez moved for a judgment of acquittal or new trial. Because Velasquez's motion was filed more than seven days after the jury rendered its guilty verdict, the trial court found his motion for a judgment of acquittal untimely and did not consider it. The trial court denied Velasquez's motion for a new trial. Velasquez appeals the trial court's denial of his motion for a new trial on the grounds that *inter alia* the court erred in admitting his out-of-court identification.

This Court has jurisdiction to review judgments and orders of the Territorial Court in criminal cases where the defendant has been convicted other than through a guilty plea. *See* The Omnibus Justice Act of 2005, Act No. 6730, § 54 (amending Act No. 6687 (2004), which repealed 4 V.I.C. §§ 33-40, and reinstating appellate jurisdiction provisions); Revised Organic Act of 1954, § 23A, 48 U.S.C. § 1613a.

## I. BACKGROUND

Luz Lopez was walking home on Whim Road in St. Croix, Virgin Islands at about 1:30 A.M. when she was attacked and robbed. When she reached home, she called the police. She described her assailants and their car to the officer that responded to her call.

Lopez's boyfriend took her to the hospital for treatment of knife wounds to her leg and stomach. On her way home from the hospital, Lopez saw that the police had stopped a car matching the description that she had given to the officer. Lopez asked her boyfriend to pull over and identified the men who had exited the car as the perpetrators.

In a suppression hearing, the trial court found the stop to be illegal in violation of Velasquez's Fourth Amendment rights and granted Velasquez's motion to suppress all physical items seized as a result of

the search of the vehicle.[1] The trial court did not exclude Lopez's out-of-court identification of Velasquez, which occurred during the course of the investigatory stop, giving the following explanation:

> THE COURT: I have pondered long and hard on the extended motion to suppress the identification at the scene of the investigatory stop and I have reviewed the record, and the record reveals by affidavit that the victim was on the way back from the hospital to her home when she encountered the police officers at the investigatory stop and it is under those circumstances she made an identification. I was hoping that the Government would at least point that out to the Court.
>
> That the identification was not made with the urging or assistance of the police officer in directing the victim to a certain location. Under these circumstances the Court will not suppress the identification made by the victim when she observed the victims— the defendants in the presence of the police officers. Circumstances indicate that she observed the police action, stopped, came out and said those are the persons that robbed me. And under those circumstances, the Court would deny the suppression of the identification.

[Joint Appendix ("JA") at 141-142].

At trial, Lopez testified about the stop that the Court had previously suppressed as illegal, stating:

> Q. Now, when you left the hospital did you travel down the Evans Highway?
>
> A. Yes.
>
> Q. What happened when you traveled down the Highway?
>
> A. I see the car with the police stop them.
>
> Q. Okay.
>
> A. And I tell him stop.
>
> Q. What happened when you told your boyfriend stop the car on the Melvin Evans Highway? What happened there?

---

[1] The Government has never challenged this ruling.

A. I told him, "Look the guys them there." So he stop on the side and I come out from the car.

Q. So did you identify the guys to the police?

A. Mmmm-hm.

[JA at 184].

A police officer also testified that Lopez had identified Velasquez during the stop that the trial court had suppressed:

Q. When you saw her what did she do when you saw her that morning at that location?

A. She got out of her car, came over to us—we was on the traffic stop—came over to us and said, "These are the guys that rob me."

[JA at 232; *see also* JA at 242].

## II. DISCUSSION

Despite suppressing the stop subsequent to the assault as illegal in violation of Velasquez's Fourth Amendment rights, the trial court concluded that the out-of-court identification was admissible in that it was not "fruit" of a prior illegality. [JA at 16]. The trial court's decision to admit the out-of-court identification was founded on the independent source doctrine. *Id.* Under this rule, "evidence that the prosecution can show has been discovered independent of any constitutional violation is not excluded." *United States v. Vasquez De Reyes*, 149 F.3d 192, 194 (3d Cir. 1998). The trial court reasoned that because the police did not procure Lopez's presence at the illegal stop, but Lopez independently and coincidentally happened to pass and to make the uninfluenced decision to stop and identify the perpetrators, the out-of-court identification was independent of the illegal stop.

█ "The proper inquiry in the instant case is whether there was an independent basis for the defendant's *presence* at the show-up identification." *People v. Lewis*, 975 P.2d 160, 172 (Colo. 1999). In *United States v. Crews,* the Supreme Court indicated that for an in-court identification to be admissible, the defendant's physical presence must not "'[have] been come at by exploitation' of the violation of the defendant's Fourth Amendment rights." 445 U.S. 463, 471, 100 S. Ct. 1244, 63 L. Ed. 2d 537 (1980) (quoting *Wong Sun v. United States*, 371

U.S. 471, 488, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963)). *A fortiori,* for the out-of-court identification to be admissible in this case, Velasquez's presence must not have been come at by exploitation of the violation of his Fourth Amendment rights.

If the police had not illegally stopped the car Velasquez occupied, Velasquez would not have been standing on the side of the highway with the police for Lopez to identify. Thus, the identification is not wholly independent of the illegal stop. *See Nix v. Williams,* 467 U.S. 431, 443, 104 S. Ct. 2501, 81 L. Ed. 2d 377 (1984) ("The independent source doctrine allows admission of evidence that has been discovered by means wholly independent of any constitutional violation."). The out-of-court identification, here, was not obtained "by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun,* 371 U.S. at 488.

Moreover, the trial court did not just admit the out-of-court identification, but ruled expansively, and admitted the illegal stop as a circumstance surrounding the identification. Even if the independent source doctrine justified the admission of the out-of-court identification, the identification does not somehow wipe the constitutional taint from the stop itself. The trial court gave no explanation for admitting the illegal stop concomitantly with the identification.

 The trial court erred in admitting the circumstances of the out-of-court identification, along with the out-of-court identification itself, since such circumstances included the illegal stop. The jury was allowed to learn that the police had conducted a stop, despite the ruling that the stop constituted a violation of Velasquez's Fourth Amendment rights.

Because the error in admitting the out-of-court identification and the illegal stop implicate Velasquez's constitutional rights, this Court may only affirm if the error is harmless beyond a reasonable doubt. *See United States v. Gambone,* 314 F.3d 163, 177-78 (3d Cir. 2003). After considering the error in light of the record as a whole, the Court cannot find beyond a reasonable doubt, that the admission of the out-of-court identification or the illegal stop that occurred shortly after the assault, was harmless.

Because the Court finds that a new trial is warranted as a result of such erroneous admission of evidence, it does not reach whether a new trial is warranted on any of the other grounds raised by Velasquez.

## III. CONCLUSION

The Court reverses the trial court's Order denying Appellant's motion for a new trial and remands for a new trial in conformance with this opinion.